# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MATTHEW SMITH,

    Plaintiff,

v.                                          Case No. 3:19-cv-1229-J-34MCR

C.R. BARD, INC., and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On October 23, 2019, the Multidistrict Litigation Panel transferred the above styled cause to this Court for further proceedings. (Doc. 7). In light of the transfer, it is **ORDERED:**

No later than **December 13, 2019**, the parties shall confer and file a listing of any issues remaining to be resolved, as well as a proposed schedule for the remaining matters. In addition, because the Short Form Complaint for Damages for Individual Claims (Doc. 1) identifies only Plaintiff's state of residence, the parties must also confer and advise the Court of Plaintiff's state of citizenship.[1]

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

---

[1] To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' . . . .").

lc11
Copies to:

Counsel of Record